NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK L. SCOTT,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2015-3049

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0345-R-1.

---

Decided: April 15, 2015

---

DERRICK L. SCOTT, Lexington, MS, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before WALLACH, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner-Appellant Derrick L. Scott appeals the decision of the Merit Systems Protection Board ("Board") affirming his removal by the U.S. Department of Agriculture ("Agency") after the Agency found Mr. Scott had violated federal law by making a false statement on a form in connection with the purchase of a firearm. Because the Board's findings were supported by substantial evidence, this court affirms.

BACKGROUND

Mr. Scott was a law enforcement officer at the Forest Service with the Agency in Waldport, Oregon. On June 28, 2012, Mr. Scott completed a form from the Bureau of Alcohol, Tobacco, Firearms and Explosives as part of a firearm purchase from a private dealer ("ATF form"). *Scott v. Dep't of Agric.*, No. SF-0752-12-0342-R-1 (M.S.P.B Oct. 10, 2014) (Resp't's App. 8) ("Final Order"). In the ATF form, he certified he was the "actual buyer," and he was not acquiring the firearm "on behalf of another person." *Id*. The ATF form asks: "Are you the actual transferee/buyer of the firearm(s) listed on this form?" It includes the following in bold-type: "Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." Resp't's Br. 3 (citing Resp't's App. 160–162). The ATF form also includes an advisory that stated in bold-type:

> I certify that my answers to Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering 'yes' to question 11.a. if I am not the actual buyer is a crime punishable as a felony under Federal law, and may also violate state and/or local law. I understand that a person who answers 'yes' to any of the questions 11b through 11k is prohibited from

purchasing or receiving a firearm. I understand that a person who answers 'yes' to question 11.l. is prohibited from purchasing or receiving a firearm, unless the person also answers 'Yes' to question 12. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of law.

*Id.* at 3–4 (citing Resp't's App. 160–162).

After learning of the purchase, the Agency's Office of Inspector General investigated and concluded Mr. Scott had violated federal law under 18 U.S.C. § 922(a)(6) by making a false statement on the ATF form in connection with the acquisition of a firearm from a licensed dealer. Mr. Scott later admitted the information he provided was false and that he purchased the firearm for Samantha Jasmin, a Florida resident and participant in a Forest Service work-study program for college students.

Because of the lack of candor charge, the Agency removed Mr. Scott, effective March 6, 2013. Mr. Scott appealed his removal to the Board in an adverse action claim, stating he made a mistake but his actions did not demonstrate a lack of candor and also saying the Agency's penalty was unreasonable. In its Initial Decision, the administrative judge ("AJ") affirmed the Agency's decision to remove Mr. Scott. Mr. Scott filed a petition for review with the Board stating the Agency failed to prove he intended to do any wrongdoing. The Board granted the petition and issued the Final Order affirming the lack of candor charge and subsequent removal. Mr. Scott ap-

peals the Final Order to this court. This court has juris-
diction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

This court's "scope of . . . review of [B]oard decisions is
limited to whether they are (1) arbitrary, capricious, an
abuse of discretion, or otherwise not in accordance with
law; (2) obtained without procedures required by law,
rule, or regulation having been followed; or (3) unsupport-
ed by substantial evidence." *Forest v. Merit Sys. Prot. Bd.,*
47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c)
(1988)).

The Board's decision is supported by substantial evi-
dence if "a reasonable person, considering the record as a
whole, might accept [the evidence] as adequate to support
[its] conclusion, even though other reasonable persons
might disagree." 5 C.F.R. § 1201.56 (2012); *Brewer v. U.S.
Postal Serv.,* 647 F.2d 1093, 1096 (Ct. Cl. 1981).

II. Adverse Action Suits and Lack of Candor

"[A]n agency must establish three things to withstand
challenge to an adverse action against an employee."
*Pope v. U.S. Postal Serv.,* 114 F.3d 1144, 1147 (Fed. Cir.
1997). "First, it must prove, by a preponderance of the
evidence, that the charged conduct occurred. Second, the
[A]gency must establish a nexus between that conduct
and the efficiency of the service. Third, it must demon-
strate that the penalty imposed is reasonable." *Id.* (inter-
nal citations omitted).

Mr. Scott only challenges the first prong of this test—
that the charged conduct, lack of candor, had not oc-
curred—when he states "there are no facts that indicate
[he] knew [his] actions were unlawful." Pet'r's Br. 1 ¶ 2.
In some cases, evidence directly establishing intent may
not exist. *See Naekel v. Dep't of Transp.,* 782 F.2d 975,

978 (Fed. Cir. 1986). "[C]ircumstantial evidence must generally be relied upon to establish intent." *Id.* (internal citation omitted). It is "appropriate for the [B]oard to consider whether the evidence of record as a whole gave rise to an inference . . . [of the] requisite intent." *Id.*

### III. Mr. Scott's Lack of Candor Charge Was Supported by Substantial Evidence

The Board's finding that Mr. Scott knowingly made a false statement with the intent to deceive the dealer was supported by substantial evidence. Mr. Scott argues that although he knew Ms. "Jasmin could not purchase a firearm," he did not know his actions were unlawful as evidenced by the fact that he "did not attempt to cover up the purchase" and the fact that he used his credit card. Pet'r's Br. 1 ¶ 2.

The facts are undisputed: Mr. Scott signed under the bold-typed statement in question 11.a, quoted above, which clearly warned the dealer could not sell the firearm to Mr. Scott if Mr. Scott was not the actual buyer. Mr. Scott admits he knew Ms. Jasmin was unable to purchase the weapon. Mr. Scott also stipulated he purchased the weapon from the dealer as part of an arrangement with Ms. Jasmin in which she would select a firearm and he would purchase it for her. The dealer testified that he would not have sold the gun to the Mr. Scott if he had known Mr. Scott was purchasing it for Ms. Jasmin.

Mr. Scott certified that his answers were accurate when signing the ATF form. The ATF form explicitly states "answering 'yes' to question 11.a if I am not the actual buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law."[1] Resp't's Br. 3 (citing Resp't's App. 160–162).

---

[1]    It is unlawful

The Board certainly had substantial evidence to infer "that [Mr. Scott's] false response to question 11.a on the ATF [f]orm . . . was made with the intent to mislead the seller as to the fact he was purchasing the gun in order to immediately transfer it to [Ms.] Jasmin."   Resp't's App. 28.

CONCLUSION

For the reasons set forth above, the Board's decision is

**AFFIRMED**

COSTS

No costs.

---

for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6).